a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **ROBERT GORDON LOCKWOOD** **#89907-012,** Petitioner | **CIVIL DOCKET NO. 1:23-CV-01129** **SEC P** |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| **WARDEN MCCONNELL,** Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Robert Gordon Lockwood ("Lockwood"). ECF No. 10. Lockwood is incarcerated at the United States Penitentiary in Adelanto, California. At the time of filing, he was incarcerated at the United States Penitentiary in Pollock, Louisiana ("USP-Pollock").

Because Lockwood does present a viable habeas claim, his Petition should be DENIED and DISMISSED WITHOUT PREJUDICE.

I. Background

The United States District Court for the Central District of California summarized the facts underlying Lockwood's Petition:

> Between July 25, 2008, and March 5, 2010, Lockwood robbed seven banks in and around Long Beach, California. During the last of the seven bank robberies, Lockwood "struggled" with a victim. Lockwood was armed with a semiautomatic handgun and a revolver. He fired the revolver five to eight times in an attempt to free himself from the

1

> "struggle." Lockwood shot himself in the elbow, the victim in the thigh, and a bystander in the lower leg.
>
> On February 14, 2011, Lockwood pled guilty to seven counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a)(d); two counts of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and one count of felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1).
>
> On September 12, 2011, Judge Margaret M. Morrow of the Central District of California sentenced Lockwood to 97 months on the armed bank robbery and felon in possession counts; 84 months on the first § 924(c) count; and 300 months on the second § 924(c) count. At the time, § 924(c) required a mandatory seven year term for brandishing a firearm during a crime of violence, plus consecutive 25 year terms for each subsequent § 924(c) offense charged in the same indictment.

*United States v. Lockwood*, 2:10-CR-285 (C.D. Ca.), ECF No. 155. Lockwood was sentenced to a total term of 481 months of imprisonment. *Id.* at ECF No. 84.

Lockwood later filed a motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A), arguing that the amendment to § 924(c), his current health issues, and his rehabilitation, together, warranted a sentence reduction. *Id.* at 142. The motion was denied. *Id.* at 155.

In his § 2241 Petition, Lockwood asserts that he should be classified as "low" custody and should not have been housed at USP-Pollock, which is a dangerous prison. ECF No. 1 at 5. He lists numerous instances of violence occurring at USP-Pollock, which he describes as "gladiator arena conditions," some involving Lockwood and many involving other prisoners. *Id.* at 6-7.

Furthermore, Lockwood alleges that the conditions at USP-Pollock deprived him of his right to access the courts. ECF No. 1 at 13-14. He claims that, had he

2

been able to file an earlier motion for compassionate release in the sentencing court, the motion would have been granted under previous legal precedent. *Id.* at 10-12.

Lockwood requests that this Court vacate a portion of his sentence; order USP-Pollock to install Lexis in the housing units or on prison tablets; and properly classify prisoners under 18 U.S.C. § 4081.

## II.   Law and Analysis

A § 2241 petition and a motion pursuant to 28 U.S.C. § 2255 are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). "Section 2255 provides the primary means of collaterally attacking a federal sentence and is the appropriate remedy for errors that occurred at or prior to the sentencing." *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005) (internal quotation marks and citations omitted). In contrast, § 2241 is the proper procedural vehicle by which a petition may "attack[ ] the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack*, 218 F.3d at 451. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Id.* at 452; *see also Arellano v. Withers*, 22-60525, 2023 WL 4311621, at *1 (5th Cir. 2023).

Lockwood is attacking the fact, not execution or computation, of his sentence. He challenges the validity of his sentence under § 924(c)(1)(A). Such attacks must generally be brought in the sentencing court. *See Pack*, 218 F.3d at 451.

Although "[i]n 'extremely limited circumstances,' federal prisoners may seek postconviction relief through a § 2241 petition instead of a § 2255 motion" pursuant

3

to the "so-called 'savings clause' of § 2255(e)," *Hammoud v. Ma'at*, 49 F.4th 874, 879 (5th Cir. 2022) (en banc) (quoting *Pack,* 218 F.3d at 452), the Supreme Court has recently recognized that such recourse is available only "where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence," *Jones v. Hendrix*, No. 21-857, 599 U.S. 465, 478 (2023).

Lockwood identifies no such unusual circumstances that may be applicable here. Additionally, Lockwood cannot seek review of the sentencing court's denial of his motion for compassionate release, nor can he re-urge that motion, in this Court. *See* 18 U.S.C. § 3582(c)(1)(A).

Lockwood complains of the conditions of his confinement—specifically, his classification and designation to USP-Pollock and his ability to access the courts. Success on either claim would not entitle him to accelerated release. Thus, he does not state a viable claim under § 2241. *See Pack*, 218 F.3d at 451; *Awwad v. Willis*, 2017 WL 3433544 at *6 (W.D. Tex. 2017) (dismissing habeas petition because "access-to-the-courts challenge relates to the condition of confinement, as a favorable determination would not automatically entitle the prisoner to accelerated release from prison"); *Rhodes v. Davis*, 4:19-CV-4183, 2020 WL 8996700, at *2 (S.D. Tex. 2020) (dismissing habeas petition because classification errors concern only the conditions of confinement—not the fact or duration of confinement).

## III. Conclusion

Because Lockwood does not state a viable habeas claim, IT IS RECOMMENDED that his Petition (ECF No. 10) be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, February 22, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE